Porter M. Wilson *v.* Julius Keller, Appellant.

*Appeals—Paper-books—Failure to print evidence.*

When an appellant fails to print a portion of the evidence, and the appellee objects to the omission, and the court is without the means of knowing whether the omitted testimony is material or not, the decree or judgment of the court below will be affirmed.

Where counsel agree that certain of the evidence need not be printed, the following form may be used: " Here the plaintiff (or defendant) gave evidence tending to prove," etc., specifying the subject of the omitted evidence distinctly and in positive terms.

*Appeals—Equity practice—Statement of errors.*

The equity rule requiring an appellant to file in the court from which the appeal is taken a statement of errors alleged to have been made by the decree appealed from, is not a mere formality, but will be enforced.

*Partnership—Dissolution—Liquidating partner—Accounting.*

Where a partnership has been dissolved and one of the partners has

liquidated the business, he is bound to state an account to his copartner, although the latter may have been guilty of acts and fraudulent representations which had seriously injured the former.

Argued Jan. 12, 1900. Appeal, No. 288, Jan. T., 1899, by defendant, from decree of C. P. No. 4, Phila. Co., Dec. T., 1896, No. 818, on bill in equity. Before GREEN, C. J., MC-COLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for an account.

From the record it appeared that plaintiff and defendant had been partners. About a year after the partnership had been started, it was dissolved, and the defendant liquidated the business. Defendant refused to state an account to plaintiff alleging as a ground for his refusal various acts and fraudulent representations by the plaintiff which had injured him. The case was referred to Horace L. Henderson, Esq., as referee, who reported in favor of plaintiff.

Exceptions to referee's report were overruled by the court.

Defendant appealed from the decree of the court without filing any statement of errors as required by the equity rules.

*Errors assigned* among others was the decree of the court.

*Cipriano Andrade, Jr.*, for appellant, cited as to appellant's failure to file in the court below a brief statement of errors, etc., Act of May 19, 1897, P. L. 67, Barlott v. Forney, 187 Pa. 301, and Swoope v. Wakefield, 10 Pa. Superior Ct. 342.

*J. Morris Yeakle*, with him *Maxwell Stevenson*, for appellee, cited as to the omission of evidence: McCandless v. Young, 96 Pa. 293; Brooks v. Church, 135 Pa. 137; Wagenhorst's App., 126 Pa. 127; D'Arros's App., 89 Pa. 51; Hyndman v. Hogsett, 111 Pa. 643; Bradley v. Vernon, 166 Pa. 603; Peterson v. Speer, 29 Pa. 479.

OPINION BY MR. JUSTICE MITCHELL, March 12, 1900:

The appellant in printing his paper-book has omitted part of the evidence which was before the referee and the court below. This was in clear disregard of the rules of court. Appellant

did not consider the omitted portions material, and they may not be so, but among them is part of the cross-examination of the appellant himself. Appellee objects to this omission and the court is without the means of knowing whether the omitted testimony is material or not.

There are no doubt many cases where the bulk of the paper-books can be substantially reduced, to the advantage and convenience of court and counsel, by the omission of evidence relating to matters entirely disconnected with any question involved in the appeal. In such cases a very convenient practice followed in some states is to indicate the omission in the following form: " Here the plaintiff (or defendant) gave evidence tending to prove . . . ." specifying the subject of the omitted evidence distinctly and in positive terms. This practice would be recognized by the court as convenient. But it should rest on the agreement of counsel for both parties that the omitted portions are immaterial or irrelevant to all the questions involved in this court. Without such agreement, counsel may omit matters which the counsel of the other party deem material, and the court not being in position to decide will then be obliged to enforce the rule strictly, as we must do in the present case.

Appellee has also called our attention to the disregard of the rule requiring the appellant to file in the court from which the appeal is taken, a statement of errors alleged to have been made by the decree appealed from. Compliance with this rule is not a mere formality, the want of which can be cured at any subsequent time. It is true we have allowed the statement to be filed nunc pro tunc after the case is reached on our argument list (see Barlott v. Forney, 187 Pa. 301), but only in exceptional cases and not then as a matter of right. The rule was intended for enforcement, and some of the advantages of it are pointed out by the appellee, especially in the timely notice it gives him the opportunity of obtaining of the grounds of appeal he will be required to meet on the argument here.

We affirm this decree for disregard of the rules of court with less reluctance as the main ground on which the appeal is based is plainly untenable. It is admitted that there was a partnership, and that on dissolution the appellant became the liquidating partner. Under these circumstances his duty to account

was imperative. The alleged acts and fraudulent representations of the plaintiff may affect the final result, but cannot dispense with the accounting.

Decree affirmed with costs.