There can be no question, therefore, but that the recital of the lost deed was admissible evidence in the case.

The case presented was, therefore, as follows : There was oral evidence of the lost deed, a recital of the lost deed in the deed forming the next link in the chain of title, the reciting deed being duly acknowledged and recorded, the payment of taxes for a period of over thirty years, the payment of municipal liens and other acts of ownership detailed by the witnesses, and the negative evidence of much weight in a case like this, that during all this time no adverse claim has been known or asserted. On such a state of facts a jury could and should have found a verdict upon the testimony in favor of the vendor. This the court below did, in effect, by the decree entered, and no sufficient reason has been shown to call for a reversal.

It follows, therefore, that the decree adjudging plaintiff's title to be good, and ordering the payment of the purchase money, etc., upon delivery of a good and sufficient deed, should be affirmed.

Judgment affirmed.

| 197 | 303 |
| 32 SC | 264 |
| 32 SC | 417 |

---

# North *v.* Pantall.

*Practice, Supreme Court—Appeals—Equity—Failure to file brief statement of errors.*

The Supreme Court will quash an appeal from a decree in equity, where the appellant has failed to file in the court below, with his notice of appeal, the brief statement of errors required by the equity rules.

Argued Oct. 10, 1900.  Appeal, No. 19, Oct. T., 1900, by plaintiff, from decree of C. P. Jefferson County, May T., 1896, No. 1, on bill in equity in case of S. T. North *v.* J. Reece Pantall and Irwin Simpson.  Appeal quashed.

Motion to quash appeal.

The appellees moved the court to quash the appeal because there was no compliance with the following equity rule :

" Whenever an appeal shall be taken from an order or decree in equity the appellant shall file in the court below, with his

notice of appeal, a brief statement of the errors he alleges to have been made by the order or decree appealed from, or the findings on which it rests. No other errors shall be assigned in the Supreme Court." See 159 Pa. 28.

*Winslow & Calderwood* and *Jenks & Corbet*, for appellees.— Remarks in support of motion to quash. The rule has the force and effect of a positive enactment : Cassidy v. Knapp, 167 Pa. 305; Barlott v. Forney, 187 Pa. 301; Swoope v. Wakefield, 10 Pa. Superior Ct. 342; Wilson v. Keller, 195 Pa. 98.

There is no ground for alleging mere " oversight " and absence of " special hardship " to appellees. Notice of appeal was given June 29, 1899. (The record so far as printed does not show that it was taken at all.) There has been ample time for observation, reflection and action, but nothing done. The rule was intended to inform the court below, advise the other party, and define the errors alleged to be considered in this court. The profession has been amply warned to observe it.

The present instance has ·worked hardship to appellees in delay, uncertainty, deprivation of time for deliberation and preparation, and notice only at the very last moment of the assignment of errors alleged.

PER CURIAM, October 10, 1900 :
Appeal quashed.