# Grogan, Appellant, v. Leike.

*Trespass—Evidence — Cross-examination—Removal of boundary stone—Consentable line.*

In an action of trespass where the plaintiff in his examination in chief testifies that a stone which marked the boundary between his land and the defendant had been wrongfully set back by the defendant on plaintiff's land, the plaintiff may be cross-examined in order to show that he and his son were upon the ground at the time the defendant set the fence and assented to the location as being the proper line separating their properties. Such an examination is not only proper as cross-examination, but it cannot in any sense be deemed special matter not admissible without notice under the plea of not guilty; nor does such evidence tend in anyway to establish what is known as a consentable line.

The establishment of this kind of boundary (a consentable line) is always a matter of compromise in which each party supposes he gives up for the sake of peace something to which in strict justice he is entitled. There is an express mutual abandonment of their former rights, upon an agreement that, whether they be good or whether they be bad, neither is to recur to them on any pretense whatever, or claim anything that he does not derive from the terms of the agreement. Each takes his chance of obtaining an equivalent for everything he relinquishes, and, if the event turn out contrary to his expectations, so much the worse for him. If there be no intention of fraud, no unfair dealing and neither party has more knowledge of the fact misconceived than the other had, the contract will bind.

Argued Nov. 19, 1902. Appeal, No. 143, Oct. T., 1903, by plaintiff, from judgment of C. P. Chester Co., April T., 1901, No. 69, on verdict for defendant in case of James Grogan v. William Leike. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass quare clasum fregit. Before HEMPHILL, P. J.

At the trial the plaintiff testified that the defendant had, in constructing a new fence, moved back a boundary stone onto the plaintiff's land. On cross-examination he was asked this question:

Mr. Pierce: " Q. I want you to recollect whether or not you were not out there, you and your son, in 1894, giving the line and agreeing where the line should be. A. No, sir; I did not agree to any line. . . . Q. You were there with him for the purpose of determining with him where he should build his

fence? A. After he had moved the stone. Does any man think I would agree—"

The Court: "Q. He is asking you whether at any time you were out there with your son, Thomas, and he tried to fix upon the line. A. No, sir."

Mr. Pierce : " Q. You just said you were. A. No, I did not say any such a thing. I never agreed on a line with him. . . ."

James Grogan, the plaintiff, testified on cross-examination:

Mr. Pierce: "Q. Was there any reason why you should not go out and assist him in locating where the fence was ? A. No, sir; I had no conversation much with him. Q. You happened to be there? A. On my own ground. Q. Your son Tom was there, too,? A. Yes, sir. Q. You do recollect your son Tom was there? A. I think so. Q. Your son Tom and you were there, and Leike was there. Was Leike then trying to ascertain where he could locate the fence? A. I think not. Q. What was he doing there?"

The Court: This was in 1894.

Mr. Wm. M. Hayes: Counsel for plaintiff objects to this cross-examination, because it is alleging on the part of the defendant that there is an agreement here that the fence is located where the parties did agree to have it located, and there is no such plea set up here in the pleadings of the case. And, therefore, it is not only improper cross-examination, but would be improper in any event by reason of it not being in the pleadings; and it is not cross-examination.

Objection overruled. Exception. [2]

\*          \*.     \*          \*          \*          \*          \*          \*

Mr. Pierce: " Q. I want to know if you can explain to this jury what you and your son were doing there with Leike when he was there about putting up the fence. You came right along. A. I came along where he was at work, and he was running the fence not on the line. I saw him taking in this tree; it stood on my side of the worm fence, and he ran his fence all the way around it the same as you would meet a team on the road and you took to the right and he took to the left. He ran around that tree and fenced it in on his own side. Then I told him if he would keep on running that fence right straight that he would be down half ways on my farm. Q. Then

what?   A. Then I left.   Q. You did not stay and determine where the line should be?   A. No, sir; I did not."

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was (1) ruling on evidence, quoting the bill of exceptions.

*William M. Hayes,* with him *J. Carroll Hayes,* for appellant.—Cross-examination must be confined to the matter of the examination in chief, and this rule applies where a party to the suit is the witness : Boyd v. Conshohocken Worsted Mills, 149 Pa. 363, 372 ; Thomas & Sons v. Loose, 114 Pa. 35; Hopkinson v. Leeds, 78 Pa. 396.

A rule for notice of special matter under a general issue plea conduces to fairness, and ought to be rigidly enforced, for if equivalents for compliance with it were to be accepted, it would gradually cease to be a rule at all: Erwin v. Leibert, 5 W. & S. 103 ; Thomas v. Mann, 28 Pa. 520; Rentzheimer v. Bush, 2 Pa. 88 ; Lovegrove v. Christman, 164 Pa. 390 ; Covely v. Fox, 11 Pa. 171 ; Finlay v. Stewart, 56 Pa. 183.

*Thomas W. Pierce,* for appellee.— A party is entitled to bring out every circumstance relating to a fact which an adverse witness is called to prove : Bank v. Fordyce, 9 Pa. 275 ; Jackson v. Litch, 62 Pa. 451.

The plea of liberum tenementum sets up the right of possession by way of justification.   It is competent to give the defense set up by this plea, on the general issue of not guilty : Fisher v. Morris, 5 Wharton, 358 ; Stambaugh v. Hollabaugh, 10 S. & R. 357 ; Chestnut Hill, etc., Turnpike Co. v. Piper, 77 Pa. 432.

The evidence offered by the appellee was in no sense special matter, but followed the plea, in directly denying the essential fact in the appellant's case, of his possession of the land where the trespass was alleged to have been.

PER CURIAM, January 20, 1903 :

The appellant's specifications of error both relate to the admission of the same testimony.   In the first it is claimed that the testimony admitted was not cross-examination.   This, however, does not seem to us to be well founded.   It was in re-

gard to a subject which legitimately grew out of the examination in chief and was calculated to negative the allegation of the plaintiff that the stone which was the center of the line which separated the farms of the plaintiff and defendant had been removed by the defendant and was, therefore, legitimate cross-examination.

It was also a legitimate defense under the plea of "Not guilty." No special matter was introduced. The appellant speaks of the cross-examination as an attempt to establish a consentable line, but there was no evidence whatever in the case anywhere to establish what is technically called in Pennsylvania a "consentable line." Not every line assented to by the parties is a consentable line. The question as to what constitutes such a line is treated by Mr. Justice GIBSON, in the case of Perkins v. Gay, 3 S. & R. 327, in which he speaks of a consentable line and says : "The establishment of this kind of boundary is always a matter of compromise in which each party supposes he gives up for the sake of peace something to which in strict justice he is entitled. There is an express mutual abandonment of their former rights, upon an agreement that, whether they be good or whether they be bad, neither is to recur to them on any pretense whatever, or claim anything that he does not derive from the terms of the agreement. Each takes his chance of obtaining an equivalent for everything he relinquishes, and, if the event turn out contrary to his expectations, so much the worse for him. If there be no intention of fraud, no unfair dealing and neither party has more knowledge of the fact misconceived than the other had, the contract will bind." There is no allegation anywhere in this case, so far as we understand it, that there was any attempt to compromise a difficulty and establish a consentable line. All that the cross-examination of the plaintiff tended to establish was that the plaintiff and his son were upon the ground at the time the defendant set his fence and assented to the location, as being the proper line separating their properties. The defense set up cannot be considered, in any sense, as special matter and we think was properly introduced under the general issue and required no notice under the rule of court cited by the appellant.

Judgment affirmed.