## McMellen, Appellant, v. Williamson.

*Equity—Equity rules—Appeals—"Brief statement of error."*

The equity rule which provides that "the appellant shall file in the court below, with his notice of appeal, a brief statement of the errors he alleges to have been made by the order or decree appealed from," is not a mere formality, and want of compliance with it cannot be cured at a subsequent time upon mere motion without any excuse offered.

Rule 17 requiring a concise statement of the question involved to be printed in the appellant's paper-book, is mandatory, and is violated by printing a statement a page in length.

Argued Nov. 16, 1906.     Appeal, No. 194, Oct. T., 1906, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 4, p. 261, dismissing bill in equity in case of Ellias McMellen v. H. S. Williamson.     Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.     Appeal quashed.

Motion to quash appeal.

The motion to quash the appeal was based on the ground that the appellant had not complied with Rule 92 of the equity rules, requiring the appellant to file in the court below a brief statement of error alleged to have been made by the decree appealed from.

The appellant's book under the title of " questions involved " showed six numbered paragraphs containing in the aggregate twenty-eight lines, and covering a whole printed page.

*B. F. Davis* and *E. M. Gilbert*, for appellant.

*John A. Coyle*, with him *William H. Keller*, for appellee.

OPINION BY RICE, P. J., December 14, 1906 :

It was decided in Barlott v. Forney, 187 Pa. 301, that the Act of May 19, 1897, P. L. 67, relating to appeals, did not abrogate the equity rule which provides that " the appellant shall file in the court below, with his notice of appeal, a brief

statement of the errors he alleges to have been made by the order or decree appealed from," etc. But it was said in the same case, and our ruling in Swoope v. Wakefield, 10 Pa. Superior Ct. 342 was to the same effect: "This default, however, is not necessarily fatal to the appeal, and in case of mere oversight of counsel, and where no special hardship would be imposed on the other party, we should be disposed to permit the filing of the statement nunc pro tunc." We think it important to notice that this was said at a time in which it was thought by some to be a debatable question whether the rule was in force. But in the later case of Wilson v. Keller, 195 Pa. 98, which was decided after opportunity had been afforded the profession to be informed as to the full purpose and scope of the rule, and the effect of the act of 1897, the court said: "Compliance with this rule is not a mere formality, the want of which can be cured at any subsequent time. It is true we have allowed the statement to be filed nunc pro tunc after the case is reached on our argument list (see Barlott v. Forney, 187 Pa. 301) but only in exceptional cases, and not then as a matter of right. The rule was intended for enforcement, and some of the advantages of it are pointed out by the appellee, especially in the timely notice it gives him of opportunity of obtaining grounds of the appeal he will be required to make on the argument here." Again in Hinnershitz v. United Traction Company, 206 Pa. 91, the present Chief Justice, speaking generally of the equity rules, said: "They are the rules of all the courts, to be enforced as of course in all of them, and not relaxed or disregarded as matter of mere indulgence or convenience. But on the other hand they are like all other rules of practice, subject to the judicial discretion of the chancellor as to their strict enforcement under circumstances productive of injustice or exceptional hardship." See also Green v. Metallic Paint Company, 25 Pa. Superior Ct. 415. In North v. Pantall, 197 Pa. 303, the appeal was quashed because the rule now under consideration was not complied with. It is seen from this review of some of the cases that while the appellate court has discretionary power to relieve from such default in exceptional cases, a motion made when the case is called for argument for permission to file the statement in the court below is not to be granted as a matter of course; and it is

scarcely necessary to say that at that time the matter is beyond the control of the court below.   In the present case the omission to comply with the rule is not attempted to be defended or excused upon the ground that the appellant or his counsel were misled, or that they supposed that the rule had been abrogated by the act of 1897, as was the case in Barlott v. Forney, or that there was any doubt as to the application of the rule to the decree appealed from.   Indeed in the motion filed for leave to file the statement nunc pro tunc no excuse whatever is assigned for the noncompliance with the rule.   It is a case in which such compliance would have been distinctly advantageous to the appellee, and after a careful examination of the paper books in the light of the oral argument we are not convinced that the enforcement of the rule will be productive of substantial injustice or exceptional hardship.   It is to be borne in mind that the rule has with us the force of a statute, and cannot be suspended by us, nor can we adopt others either formally or in practice inconsistent with it: Shamokin, etc., Light and Power Company v. John, 18 Pa. Superior Ct. 498. To refuse the appellee's motion to quash would be unwarranted unless we hold generally, which we are unwilling to do, that compliance with this rule is a mere formality, the want of which can be cured at any subsequent time upon mere motion.

In disposing of the appeal upon the ground above stated we are not to be understood as implying that the plain and substantial violation of rule 17 in the statement of the questions involved is a matter of slight importance.   We call attention to the mandatory terms of the rule, and some of the cases in which it has been declared that it is to be strictly adhered to : Van Sciver Company v. McPherson, 199 Pa. 331 ; H. v. T., 208 Pa. 233 ; Creachen v. Bromley Brothers Carpet Company, 214 Pa. 15 ; Fifth Ward Building & Loan Association v. Boylan, 198 Pa. 250; Bousquet's Estate, 206 Pa. 534; Oakland Boro. v. Boyden, 22 Pa. Superior Ct. 278 ; Roush's Estate, 23 Pa. Superior Ct. 652; Rabinowitz v. Kenah, 31 Pa. Superior Ct. 334.

The appellant's motion for leave to file in the court below a statement of the errors alleged to have been made by the decree nunc pro tunc is denied, and upon the appellee's motion the appeal is quashed, the costs to be paid by the appellant.