## Groff *v.* City Saving Fund & Trust Company.

*Appeals—Equity—Equity practice—Brief statement of errors—Rule 92 equity rules—Quashing appeal.*

Where an appeal is taken from a decree in equity, and it appears that the appellant has failed to file in the court below with his notice of appeal, a brief statement of error as provided by rule 92 of the equity rules, the appellate court will, in the absence of exceptional circumstances, quash the appeal.

Argued Nov. 15, 1006. Appeal, No. 197, Oct. T., 1906, by L. E. Ryder, from decree of C. P. Lancaster Co., Equity Docket, No. 4, page 183, on bill in equity in case of Annie H. Groff v. City Saving Fund & Trust Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Appeal quashed.

Motion to quash appeal.

*T. B. Holahan* and *B. F. Davis*, for appellant.

*W. U. Hensel*, with him *J. W. Appel*, for S. R. Moss et al., appellees.

*W. H. Keller*, of *Coyle & Keller*, with him *John E. Malone*, for J. H. Rathfon, receiver, appellee.

OPINION BY HENDERSON, J., February 25, 1907 :

The appellant is met at the threshold by a motion to quash the appeal because of his failure to comply with Rule 92 of the equity rules adopted by the Supreme Court, by filing in the court below with his notice of appeal a brief statement of the errors he alleged to have been made by the decree appealed from. The equity rules have the force of a statute in regulating the trial of equity cases. Neither the court of common pleas nor this court has power to ignore them ; and where they are disregarded in material matters and objection is made it is our duty to give effect to them: Light and Power Co. v. John, 18 Pa. Superior Ct. 498 ; North v. Pantall, 197 Pa. 303 ; Wilson v. Keller, 195 Pa. 98. The rule referred to was intended to define and limit the issues and to give the adverse party timely notice of the propositions which would be contended for in the appellate court. It was said in Wilson v. Keller, supra, that compliance with this rule is not a mere formality, the want of which can be cured at any subsequent time. It was intended for enforcement. The rule has been relaxed to the extent that the statement was permitted to be filed nunc pro tunc (Barlott v. Forney, 187 Pa. 301), where the circumstances were exceptional ; but this is not a matter of right. No sufficient reason has been suggested why the rule should not be enforced in this case. The record is voluminous, numerous issues were heard in the court below and fifteen assignments of error are presented for our consideration. The record suggests the propriety both of the rule and its enforcement.

The appeal is, therefore, quashed at the cost of the appellant and the cause is remitted to the court below to be further proceeded with according to law and the rules of equity practice.