# Penn Furniture Company *v.* Liberty Mutual Fire Insurance Company, Appellant.

*Appeals—Equity—Statement of errors—Quashing appeal.*

An appeal in an equity case will be quashed where the appellant has not filed in the court below a statement of errors with the notice of appeal as required by equity rule 92.

Argued April 12, 1910. Appeal, No. 163, April T., 1910, by defendant, from decree of C. P. Crawford Co., Sept. T., 1909, No. 4, on bill in equity in case of Penn Furniture Company v. Liberty Mutual Fire Insurance Company. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Appeal quashed.

Bill in equity to reform an insurance policy.

The statement of the question involved was as follows:

An insurance company issued its policy of insurance containing an eighty per cent reduced rate average coinsurance clause. The insured declined to accept the policy containing said clause. The insurer thereupon canceled the eighty per cent clause when the insured accepted the policy and paid the premium. At expiration of the term of the policy the insurer issued a new policy to the insured for a like term, amount and premium, con-

592 PENN F. CO. *v.* LIBERTY M. F. INS. CO., Appellant.

Statement of Facts—Opinion of the Court. [42 Pa. Superior Ct.

taining the eigthy per cent reduced rate average co-insurance clause. The insured received the second policy August 7, 1908, and paid the premium, $40.00, on December 24, 1908. On March 7, 1909, a loss by fire occurred. On April 7, 1909, proofs of loss were executed by the insured's manager, who was also secretary of the company, and were filed with the insurer. In the proofs of loss the insured claimed the sum of $473.14, the proportionate amount of the insurer's share of the loss under the eighty per cent coinsurance clause in the policy. Some time after these proofs were filed the insured first requested the insurer to reform the policy by eliminating the eighty per cent coinsurance clause, and demanded payment on the basis of a full rate policy.

1. Did the insured by its laches ratify the contract?

2. Is the second policy a new and distinct contract between the parties?

3. Should the policy be reformed?

*Error assigned* was decree refusing the bill.

*Otto Kohler*, with him *Clinton O. Mayer*, for appellant.

*E. Lowry Humes*, for appellee.

PER CURIAM, May 12, 1910:

We are asked to dismiss the assignments of error and quash the appeal for the reason, inter alia, that the appellant did not file in the court below, with its notice of appeal, a brief statement of the errors it alleges to have been made by the decree appealed from, as required by equity rule 92. This rule was recently discussed in the opinion of our Brother Henderson in Groff v. City Saving Fund & Trust Co., 32 Pa. Superior Ct. 416, and the reasoning which led to the quashing of the appeal in that case applies equally well here. No sufficient reason has been suggested why the rule should not be enforced in the present case. See also North v. Pantall, 197 Pa. 303; Wilson v. Keller, 195 Pa. 98; McMelley v. Wil-

liamson, 32 Pa. Superior Ct. 263.  We sustain the motion with less reluctance because in the opinion of the majority of this court substantial justice was done by the decree complained of.  We remark in addition that the manner in which the question involved is stated in the appellant's paper-book is not in strict accordance with the rule upon that subject.  But we sustain the motion for the reason first suggested.

The appeal is quashed at the costs of the appellant.