# Hughes *v.* Cooper, Appellant.

*Appeals—Equity—Quashing appeal.*

An appeal in an equity case will be quashed where the appellant does not comply with rules VII and XIII of the Superior Court and equity rule 92.

Argued April 26, 1910. Appeal, No. 128, April T., 1910, by defendant, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1909, No. 810, overruling motion to dismiss bill in equity in case of Thomas M. Hughes and Frank Hughes v. Samuel Cooper. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed. ·

Bill in equity for an injunction. Before MACFARLANE, J.

The opinion of the Superior Court states the case.

*Error assigned* was in the following form:

"The court erred in overruling the motion to dismiss the bill and dissolve the injunction."

*Joseph R. Conrad,* with him *A. E. Eckles,* for appellant.

*Ed. J. Gamon,* with him *Kennedy, McVicar & Hazlett,* for appellees.

PER CURIAM, May 12, 1910:

The matter complained of on the argument of this appeal was the overruling of the defendant's motion to dismiss the bill and dissolve the preliminary injunction because of the plaintiff's failure to file and serve printed copies of the bill within twenty days after the filing of the original bill, as required by rule 14 of the equity rules. It was suggested on the argument that this was not such an order as may be appealed from before final decree. We need not pass on that question, nor need we discuss the question whether the court was in error in not enforcing the equity rule we refer to, because the defendant's motion to quash the appeal for non-compliance on the part of the appellant with rules VII and XIII of this court and equity rule 92 must prevail.

The appeal is quashed at the costs of the appellant.