## Myers v. Consumers' Coal Company.

*Equity—Findings of facts—Review—Appeals.*

The appellate court will not interfere with a chancellor's findings of facts made on sufficient evidence unless he is convicted of clear and manifest error.

Argued April 11, 1910. Appeal, No. 176, Jan. T., 1909, by plaintiffs, from decree of C. P. Luzerne Co., March T., 1900, No. 2, dismissing bill in equity in case of E. Oscar Myers et al. v. The Consumers' Coal Company et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity. See 212 Pa. 193.

*Error assigned* was decree dismissing the bill.

*George R. Bedford, Alexander Farnham, S. J. Strauss* and *Hon. Edmund W. Burke,* for appellants.

*Henry W. Palmer, Frank W. Wheaton* and *Felix Ansart,* for appellees.

PER CURIAM, May 24, 1910:

When this case was here before, 212 Pa. 193, it was on an appeal from the decision of a single judge and not from the decree of the court. After pointing out the error in the procedure, and holding that the appeal should have been from the decree of the court in banc, we formally sustained one of the assignments, and sent the case back to the trial court with the suggestion that the "rulings (of the court) may not be in accord with those of the single judge who entered this decree, after a trial had in accordance with the views expressed above." The court below construed our judgment "as a direction that another trial should be had," and, with some additional testimony, the case was again heard by the chancellor and the court in banc from whose decree this appeal was taken. Every question of fact and law has been most carefully considered by the court and we are not prepared to say that, on the evidence submitted in the case, it has committed reversible error. Had we been sitting as the chancellor we might have found some of the facts differently, but that does not warrant a reversal. Under the well-established rule, we will not interfere with a chancellor's findings made on sufficient evidence unless he is convicted of clear and manifest error. The record does not disclose such error, and, hence, the assignments must be overruled and the appeal be dismissed.

Decree affirmed.