# Cayuga Building & Loan Association *v.* MacMullen.

*Appeals—Assignments of error—Exceptions to auditor's report—Statement of question involved.*

1. A single assignment of error to the action of the court below in dismissing nineteen exceptions to an auditor's findings of fact and conclusions of law violates rule XIX which requires that "each error relied on must be assigned particularly, and by itself."

2. A statement of the question involved, which covers a whole page of the appellant's paper-book violates the rule of court.

Argued Dec. 15, 1910.   Appeal, No. 264, Oct. T., 1910, by Byron E. Wrigley, from order of C. P. No. 3, Phila. Co., Dec. T., 1908, No. 2,557, dismissing exceptions to auditor's report in case of Cayuga Building & Loan Association v. Alexander MacMullen.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Exceptions to report of John C. Gilpin, Esq., auditor.

The statement of the question involved covered a whole page of the appellant's paper-book, although the matter was printed in large capitals.   It was divided into six separate paragraphs.

The single assignment of error was as follows:

"The learned court erred in dismissing the exceptions of Byron E. Wrigley to the finding of fact and the conclusions of law as found by the auditor, John C. Gilpin."

*Error assigned* was order dismissing exceptions to auditor's report.

*W. Horace Hepburn, Jr.,* for appellant.

*Robt. W. Archbald,* of *Ehrlich & Archbald,* for appellee.

OPINION BY RICE, P. J., March 3 1911:

The single assignment of error is that the court erred

in dismissing the appellant's exceptions to the auditor's findings of fact and conclusions of law. Nineteen exceptions were filed by the appellant, some to findings of fact, others to conclusions of law, and others to the refusal of certain findings and conclusions requested by him. It is contended in the appellee's paper-book that the assignment should be disregarded because it is in violation of rule XIV of this court, which provides as follows: "Each error relied on must be assigned particularly, and by itself. If any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." Notwithstanding this objection was thus brought to the notice of the appellant, no motion was made to remove it by amendment. The objection is substantial and not merely technical. The rule is an important one and has been enforced in numerous instances by this court, and a similar rule has been enforced many times by the Supreme Court. A careful examination of the auditor's report and the evidence adduced before him leads us to the conclusion that no substantial wrong to the appellant will result if we enforce it in the present case, as we are distinctly asked to do by appellee's counsel. There was evidence to sustain the finding that MacMullen was insolvent at the date of the entry of the judgment note which he gave to the appellant. Bearing in mind the well-settled rule as to the weight to be given an auditor's finding of fact which has been approved by the court below, we would not be warranted in saying that there was manifest error in the finding in question. The complaint against the auditor's finding as to the purpose for which the judgment note was given and his finding that the money was the appellant's contribution to a partnership venture by him and MacMullen, does not come with good grace from the appellant, for, as the auditor points out, the appellant opened up the entire matter by evidence introduced by him and did not rest his claim merely on the record of

his judgment. The further complaint against his finding as to the adjudication in bankruptcy seems likewise not to be well founded; or, at least, it does not appear by the transcript of the evidence sent up to us that it is well founded. The record of the bankruptcy proceedings was offered in evidence, and, so far as the transcript of the testimony shows, there appears to have been no dispute as to the fact that MacMullen was adjudicated a bankrupt within four months after the entry of the appellant's judgment. The record of the bankruptcy proceedings is not spread out at length in the appellant's paper-book, and therefore we do not feel warranted in declaring that he was not lawfully adjudicated a bankrupt at that time so as to bring the case within the operation of sec. 67 of the national bankruptcy act of 1898. See Mencke v. Rosenberg, 202 Pa. 131. We have thus briefly adverted to some of the principal matters urged upon our attention in the argument of the case, for the purpose of indicating that no substantial wrong was committed in disallowing distribution to the appellant's judgment. But for the reason stated at the outset of the opinion the appeal will be quashed. We remark, in addition, in order that our failure to notice the matter may not be regarded as sanctioning the practice, that the rule of this court as to the length of the statement of the question involved has been disregarded in the appellant's paper-book.

The appeal is quashed at the costs of the appellant.