# Yerger, Appellant, *v.* Hunn.

*Appeals—Equity—Brief statement of errors.*

1. Where the record of an appeal from a decree in equity fails to show that the appellant filed in the court below a brief statement of the errors alleged to have been made in the decree appealed from, as required by equity rule 92, the appeal may be quashed.

*Appeals—Assignments of error—Equity—Defective assignments.*

2. An assignment of error merely alleging that the court erred in sustaining the bill without setting forth the final decree, is insufficient.

3. An assignment of error which merely alleges generally that the court below erred in dismissing defendant's exceptions, without setting forth the exceptions is bad.

4. An assignment of error which merely alleges that the court erred in refusing to consider requests for findings of fact, without setting forth the requests for such findings, is bad.

5. An assignment of error complaining of the dismissal of an exception to a finding of fact as set forth in an extract from the opinion of the trial judge is bad, inasmuch as such action of the court is not properly assignable for error.

*Equity—Equity practice—Trial of two cases together.*

6. Where two bills in equity are tried together under an agreement of counsel that the evidence taken shall apply to both bills "but that separate findings be submitted in each case," and it appears that the testimony and the questions involved are the same, the court commits no error in filing but a single adjudication, if it finds the facts separately, and enters separate decrees.

*Equity—Findings of fact—Appeals—Evidence.*

7. The findings of fact by a trial judge in an equity case have the effect of a verdict of a jury, and if they are based upon sufficient evidence, will not be reversed in the absence of manifest error.

Argued Jan. 18, 1911. Appeals, Nos. 237 and 238, Jan. T., 1910, by George W. Yerger, Jr., et al., from decrees of C. P. No. 3, Phila. Co., March T., 1909, No. 992, and Dec. T., 1908, No. 4,595, dismissing and sustaining bills in equity in cases of George W. Yerger, Jr., assignee of Jules E. Aronson v. Ezekiel Hunn, Jr., substituted trustee for Lydia J. Hunn under the will of Townsend Sharpless, deceased, and Ezekiel Hunn, Jr., substituted trustee for Lydia J. Hunn under the will of Townsend Sharpless, deceased, v. Jules E. Aronson, A. Florence Yerger and George W. Yerger, Jr., and William H. Vare, recorder of deeds. Before Fell, C. J., Brown, Mestrezat, Potter and Moschzisker, JJ. ·Affirmed.

Bill in equity for the cancellation of a deed.

Bill in equity for the specific performance of a contract of sale. Before McMichael, J.

From the record it appeared that on August 5, 1908, Ezekiel Hunn, Jr., trustee, entered into a written agreement with A. Florence Yerger, as agent for Jules E. Aronson, for the sale of the premises at No. 1508 Arch street, Philadelphia, for the sum of $33,000, of which $500 was paid in cash at the signing of the agreement; $7,500 was to be paid at the settlement, and the balance of $25,000 was to remain on first mortgage, for three years. The premises were to be conveyed "free and clear of all incumbrance and easements;" and the title was to be such as would be insured by any reputable title company of Philadelphia. The agreement was to be performed within sixty days of its date, which time was to be of the essence of the agreement, unless extended by mutual consent in writing indorsed thereon. It further appeared that the purchaser applied for a policy of title insurance, and the title insurance company issued its settlement certificate

for the property which showed as exceptions not to be covered by the policy, that the premises were situated in the bed of the projected Parkway, on the city plan, and that they were subject to the terms of an ordinance for the widening of Arch street. The sixty days allowed by the agreement for settlement expired on October 4, 1908. It was arranged that the settlement should be made on October 3, at the office of the title company; but a postponement was made until October 6, and on that date there was a second postponement until the following day; but no settlement was then made. On October 9, the vendor tendered an excuted deed to the agent for the purchaser, but settlement was not made. The court below found as a fact that this was a legal tender of the deed to the representative of the defendant. No agreement in writing to extend the time of settlement, as required by the terms of the contract, was shown. On November 20, 1908, Jules E. Aronson executed and delivered to George W. Yerger, Jr., an assignment of all his right, title and interest in the agreement of sale with Hunn, trustee; and this assignment was filed in the office of the recorder of deeds at Philadelphia. On February 8, 1909, Ezekiel Hunn, Jr., substituted trustee for Lydia J. Hunn under the will of Townsend Sharpless, deceased, filed a bill in equity in the court of common pleas, No. 3, of Philadelphia county against Aronson, Yerger, et al., praying that the assignment by Aronson to Yerger should be surrendered and cancelled and marked null and void on the record. On March 10, 1909, George W. Yerger, Jr., assignee of Jules E. Aronson, filed a bill in equity against Ezekiel Hunn, Jr., trustee as above, praying for specific performance of the agreement of sale. This bill was filed in court of common pleas, No. 3, and the two cases were put at issue and tried together. The trial judge filed his adjudication, findings and opinion in the former case, and sustained the contention of Ezekiel Hunn, Jr., substituted trustee, etc., and held that the assigned agreement should be surrendered, and canceled on the record. Exceptions were filed on behalf of

the defendants, and were dismissed by the court, and a final decree made on July 12, 1910, in accordance with the findings of the trial judge.

It was the intention both of the court and of the parties, that the adjudication, findings, exceptions and order dismissing them, should apply to both cases; and in accordance with this understanding, the bill praying for specific performance of the agreement was dismissed. Appeals were taken by the defendants in the former case, and by the plaintiff in the latter case, the former appeal being No. 238, and the latter No. 237, of the present term. The appeals involved the same questions, and were argued together.

*Errors assigned* in No. 238 were as follows: (1) The court below erred in sustaining the bill in equity filed by the plaintiff; (2) the court below erred in dismissing the exceptions filed by the defendant to the findings of fact and to the opinion of the court; (3) the court below erred in refusing to consider the findings of fact filed by the defendants on February 7, 1901; (4, 6, 7, 11) dismissal of exceptions to findings of fact; (5) dismissal of an exception to a finding of fact set forth in an extract from the opinion of the trial judge, quoting the extract.

*Errors assigned* in No. 237 were substantially the same as in 238 except (10) which was as follows: The court below erred in dismissing the thirteenth exception filed to findings of fact, and to the opinion of the court, as follows:

The learned trial judge erred in confusing together and treating as one suit, the case of Ezekiel Hunn, Jr., substituted trustee for Lydia J. Hunn, under the will of Townsend Sharpless, deceased, Jules E. Aronson, A. Florence Yerger, George W. Yerger, Jr., and William H. Vare, recorder of deeds, C. P. No. 3, December Term, 1909, No. 4,595, and the case of George W. Yerger, Jr., assignee of Jules E. Aronson, plaintiff, Ezekiel Hunn, Jr., substituted trustee for Lydia J. Hunn, under the will of Town-

send Sharpless, deceased, defendant, C. P. No. 1, March Term, 1909, No. 992, the agreement between counsel in said cases being as follows:

"It is agreed by counsel for plaintiff and defendant that the evidence taken here shall apply to both bills, but that separate findings be submitted in each case."

*A. Florence Yerger,* with her *John McClintock, Jr.,* for appellant.

*John G. Johnson,* with him *James Wilson Bayard,* for appellee.

OPINION BY MR. JUSTICE POTTER, April 10, 1911:

We have here two appeals, from decrees entered by the court below in separate cases, upon the same finding of facts. One of the bills filed prayed for the cancellation and surrender of an article of agreement, for the sale of real estate, and for an injunction to prevent it from being recorded. The other bill prayed for the specific performance of the contract of sale. It appears from the record that time was of the essence of the contract, and that settlement was not made by the proposed purchaser within the limit fixed by the agreement. The court below found as a fact that the vendor stood ready and willing to perform his part of the agreement, and tendered an executed deed to the representative of the purchaser. He dismissed the contention of the appellants, that they were not obliged to make settlement until certain defects in the title were made good, by the finding that these objections were not suggested, or relied upon at the time; but that, for some other undisclosed reason, the purchaser was unwilling to perform his agreement to take the property. It is apparent that the material questions before the trial judge were of fact, rather than of law.

We are unable to find from the record that appellants have filed in the court below in either case, a brief statement of the errors alleged to have been made in the de-

cree appealed from, as required by equity rule 92. This omission would be sufficient ground for quashing the appeals: Wilson v. Keller, 195 Pa. 98; North v. Pantall, 197 Pa. 303; Hughes v. Cooper, 42 Pa. Superior Ct. 594.

In the appeal at No. 238 the first assignment of error is bad in that it merely alleges error in sustaining plaintiff's bill, without setting forth the final decree: Johnston's Estate, 222 Pa. 514. The second assignment is defective in that it merely alleges generally, that the court erred in dismissing defendant's exceptions, and does not set them forth. The third assignment is bad, in that it alleges error in refusing to consider requests for findings of fact, and does not set forth the findings. The fourth, sixth, seventh and eleventh assignments are to the dismissal of exceptions filed by defendants, to the findings of fact by the trial judge. These findings were based upon evidence which, if credited by the trial judge, was sufficient to sustain them; and under the authorities they are to be given the effect of a verdict of a jury, and will not be reversed in the absence of manifest error: Myers v. Coal Co., 228 Pa. 444; Sears v. Trust Co., 228 Pa. 126. In the fifth assignment, complaint is made of the dismissal of an exception to a finding of fact as set forth in an extract from the opinion of the trial judge. This is not properly assignable for error: Seltzer v. Boyer, 224 Pa. 369.

In the appeal at No. 237 the assignments are subject to much of the criticism applicable to those in the other appeal. The tenth assignment alleges that the court below erred in dismissing an exception to the effect that the trial judge was in error in confusing, and treating as one suit, the two cases of Hunn v. Aronson, and Yerger v. Hunn, the agreement of counsel being "that the evidence taken here shall apply to both bills, but that separate findings be submitted in each case." It is true that the trial judge filed but one adjudication, although the facts under each bill were found separately. It would have been better practice to have filed separate adjudications. But the testimony was the same, as were the questions involved, and

separate decrees were entered.  We do not see that the appellants were in any way harmed by the filing of one adjudication instead of two.  The cases in every material respect turn upon questions of fact which have all been determined, upon sufficient evidence, by the court below, in favor of the appellee.

The assignments of error are all dismissed, and the decree of the court below in each case is affirmed.