# Kalincsak, Appellant, v. Russian Orthodox Catholic Mutual Aid Society.

*Appeals—Assignments of error—Statement of question involved —Violation of rules.*

An appeal will be quashed where the plaintiff's statement of the question involved covers an entire page of the paper book and sets out unnecessary details, and where the assignments of error complaining of the action of the court below in overruling plaintiff's motion for judgment n. o. v. do not contain the order of the court.

Argued Dec. 5, 1916. Appeal, No. 144, Oct. T., 1916, by plaintiff, from judgment of C. P. Northampton Co., Nov. T., 1912, No. 3, on verdict for defendant in case of Anna Kalincsak v. The Russian Orthodox Catholic Mutual Aid Society, U. S. A. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Assumpsit for death benefits. Before STEWART, P. J.

The statement of the question involved was as follows:

(a) Is a plaintiff wife an "heir" within the meaning of an appendix to a by-law which reads as follows: 47—Note.—"If his last confession was administered to the member by a nonorthodox priest, or if he was buried by a nonorthodox priest, unless this was done from extreme necessity, to which the brotherhood of the late member bears testimony, the heirs of the deceased shall have no right to the money the society is to pay on his death (see Sec. 32)?

(b) Is an attempted ex parte interpretation by a corporation of a by-law paying death benefits by way of an appendix to the by-law binding upon beneficiary, who is not a member of the corporation?

(c) Is the following by-law as interpreted by its note reasonable and valid, to wit: 47—"In case of the death of a member or his wife (or husband), the brotherhood shall immediately inform the board of directors and present according to established form, (a) a sworn doctor's certificate as to the cause of death, (b) a burial certificate from the priest, and (c) an application for the sum the society is to pay on his (or her) death, stating whether the deceased was a semi or a full member, whether the wife (or the husband) of the deceased was a member (in what brotherhood, and whether a full or semi member), and whether the deceased ever received any aids from the society (to what amount, when, and for what cause)"?

Note.—"If his last confession was administered to the member by a nonorthodox priest, or if he was buried by a nonorthodox priest, unless this was done from extreme necessity, to which the brotherhood of the late member bears testimony, the heirs of the deceased shall have no right to the money the society is to pay on his death (see Sec. 32)."

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were in the following form:

The learned trial judge erred in overruling the motion of the appellant for judgment n. o. v., which motion was as follows:

"And now, to wit, October 18, 1915, the trial judge in the above-entitled case having declined a point on behalf of plaintiff, Anna Kalincsak, by her counsel, Joseph A. Richman and J. T. Woodring, now moves the court to have all the evidence taken upon the trial of the above case duly certified and filed so as to become a part of the record and have judgment for the full amount of her claim with interest from the 23d day of August, 1911, entered for the plaintiff non obstante veredicto upon the whole record."

2. The learned trial judge erred in not granting the motion of the appellant for judgment n. o. v., which motion was as follows:

"And now, to wit, October 18, 1915, the court at the trial in the above-entitled case having declined a point on behalf of the plaintiff, Anna Kalincsak, by her counsel, Joseph A. Richman and J. T. Woodring, now moves the court to have all the evidence taken upon the trial of the above case duly certified and filed as to become a part of the record and have judgment for the full amount of her claim with interest from the 23d day of August, 1911, entered for the plaintiff non obstante veredicto upon the whole record."

3. The learned trial judge erred in directing that judgment be entered for the defendant upon the verdict.

4. The learned trial judge erred in not entering judgment for the plaintiff and against the defendant for the amount agreed as set forth in the notes of testimony (Appendix, 13a).

*Jacob Weinstein*, with him *Joseph A. Richman* and *Kirkpatrick & Maxwell*, for appellant.

*Robert A. Stotz*, with him *William H. Schneller*, for appellee.

OPINION BY WILLIAMS, J., April 16, 1917:

In the consideration of the appellee's motion to quash we find the following violations of our rules: (1) The statement of the question involved covers an entire page contrary to Rule 23 : McMellen v. Williamson, 32 Pa. Superior Ct. 263; Cayuga B. & L. Assn. v. MacMullen, 46 Pa. Superior Ct. 94; and also sets out unnecessary details in violation of the same rule. (2) None of the four assignments of error filed complies with our rules, in that the order of the court below, overruling plaintiff's motion for judgment n. o. v., is not contained therein: Com. v. Mackey, 34 Pa. Superior Ct. 1; Monongahela Nat. Gas. Co. v. Ellwood Nat. Gas & Oil Co., 43 Pa. Superior Ct. 619.

In order that no injustice be done, we have, notwithstanding the violation of the rules of the court, carefully considered the entire record, and, as a majority of the judges who heard the case are of the opinion that the proper judgment was entered, the appeal is quashed.