## Dresser & Pringle v. Williams et al.

*Deeds—Descriptions—Boundaries—Surveys.*

In an action of ejectment to recover a portion of a tract of land, where it appears that the predecessors in title of both the plaintiff and defendant agreed, after a survey upon the land, some twenty-eight years before suit was brought, as to the location of the dividing-line between their properties, and the boundary so fixed was recognized continuously during all that time, the open, notorious and peaceable possession of the land in accordance with the boundary so fixed is controlling over the call of the deed for thirty-five acres, strict measure.

Ejectment. C. P. McKean Co., Oct. T., 1918, No. 2.

*Melvin & Melvin* and *R. B. Stone,* for plaintiffs.

*Gallup & Potter,* for defendants.

BOUTON, P. J., June 15, 1922.—This is an action of ejectment brought by Carl K. Dresser and R. S. Pringle, copartners as Dresser and Pringle, against R. M. Williams and John C. Curtis, to recover a certain tract of land lying in the Township of Eldred, County of McKean and State of Pennsylvania, containing about 2.13 acres, as shown by the amendment to the original writ issued in this case.

The dispute in this case arises over a division-line between the premises of the plaintiffs and the defendants, and the location of this true division-line is the question now for the determination of the court. By stipulation, jury trial was waived, and it was agreed that the case should be tried before Joseph W. Bouton, President Judge, without a jury.

It appears from the pleadings and evidence that, in 1889, T. S. Bennett, who was the then owner of a large tract of land, situate in Eldred Township, this county, made, executed and delivered to F. W. Perkins a deed, dated Jan. 2, 1889, recorded March 14, 1889, in Deed Book No. 48, at page 98, etc., for all the petroleum, oil, gas, coal, rock or carbon-oil, or other valuable min-

eral or volatile substance in, under, over and upon a certain tract of land, situate, lying and being in Eldred Township, McKean County, Pennsylvania, and bounded and described as follows, to wit: Bounded on north by lands of Dimmick, on east by public highway leading from Eldred and Duke Centre Road to road leading from Larabee to Smethport on the west side of the Allegheny River, on the south by land of Knapp, and on the west by land of T. S. Bennett; containing thirty-five acres, strict measure.

Bennett employed Surveyor Colegrove to run out this thirty-five acres, and on Feb. 6, 1889, Colegrove met Bennett and Perkins, the grantor and grantee, upon the ground and proceeded to establish the western boundary-line of the lot so sold. The line was run by the surveyor, both Bennett and Perkins being present and assisting therein. This remained the established boundary-line between the parties from that time on, until a short time before the bringing of this suit, when the present plaintiffs, having become the owners of the leasehold interest in the Perkins lot, sought to change the line as originally run farther west, so as to include about 2 and 13-100ths acres in the possession and occupancy of the defendants.

The line as originally run had, from the time it was so run, been recognized by all of the parties in interest, and was always treated as the true division-line until the plaintiffs raised the question as to its true location. The difficulty seems to have arisen by reason of the fact that the line as established did not give to Perkins the full quantity of thirty-five acres as called for in his deed, and the plaintiffs now claim that they are entitled to the full thirty-five acres.

As we view the law, the original grantor and grantee having jointly established this line upon the ground, the quantity named in the deed gives way to the lines upon the ground as marked and fixed by them. The owners of the lands west of this established line, it appears from the evidence, have, since February, 1889, been in open, notorious and peaceable possession of the lands west of said line, being the lands in controversy.

"Where no monuments or marks upon the ground are called for in a deed, the calls in the deed must control, unless it be proved by sufficient evidence that the parties agreed upon a fixed line on the ground, and in cases where the calls in the deed and the actual line marked upon the ground by the agreement of the parties do not agree, the line marked upon the ground must control:" Eshleman v. Rankin, 32 Pa. Superior Ct. 254, and cases therein cited.

"Where a boundary-line is established as a consentable line and there is no intention of fraud, no unfair dealing, and neither party has more knowledge of the fact misconceived than the other had, the contract will bind:" Grogan v. Leike, 22 Pa. Superior Ct. 59.

"That the fence on the ground having been adopted as the dividing-line and the deed not agreeing therewith, the fence-line must control:" Rook v. Greenewald, 22 Pa. Superior Ct. 641.

"If in a conveyance of land a dividing-line existing on the ground be recognized and adopted by the parties, it will control the quantity of land purporting to be conveyed or reserved by the deed:" Ogden v. Porterfield, 34 Pa. 191.

It is a general principle of law that in locating boundaries a call for quantity inserted in the instrument by way of description must yield to lines marked or surveyed.

The principles above stated are not only the law of Pennsylvania, but are the law in very many, if not all, of the states of the Union, and have always been recognized by the highest courts. It seems to us that this case needs no further discussion, and that judgment should be entered in favor of the defendants. From E. G. Potter, Smethport, Pa.