## Wister's Appeal.   Humphreys's Estate.

In the absence of an agreement to waive his commissions, a trustee is not estopped from claiming them in his final account, because of the fact that he had for five years rendered informal semi-annual accounts to his *cestui que trust*, without deducting his commissions.

January 23d 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Appeal from the Orphans' Court of *Philadelphia county:* Of January Term 1877, No. 191.

Appeal of W. Wynne Wister, Jr., executor of L. W. Humphreys, deceased, from a decree of the court allowing commissions to A. A. Humphreys, trustee.

By the will of Charles Humphreys, deceased, dated July 1870, he left all his property to his nephew, A. A. Humphreys, to pay the net income thereof, for life, to his widow, L. W. Humphreys, and at her death the testator gave his whole estate to the trustee

and his heirs. The trustee was also appointed executor of testator's will. No trust accounts were ever filed in court. Income was collected semi-annually, and statements rendered, which were signed by the trustee and by the *cestui que trust.* These were accounts of income. No commissions had ever been charged in any of these statements. The *cestui que trust* died August 11th 1876. At the time of her death the semi-annual interest, due on the 1st of July next previous, had not been paid over to the *cestui que trust.* The trustee filed his first and final account in the Orphans' Court, October 5th 1876, and claimed a commission of five per centum ($2684.64) upon the amount of income actually collected ($53,692.86) during the five years of the trust, less certain small expenses attending such collection, and craved allowance out of the fund then in his hands.

Wister, the executor of L. H. Humphreys, objected, but the auditing judge ( Hanna, J.,) allowed the claim. The executor filed exceptions, and it having been agreed that the exceptions should be dismissed *pro forma*, a decree was made accordingly, when the executor took this appeal.

*N. D. Miller, A. Sidney Biddle* and *George W. Biddle,* for appellant.—The right of a trustee to payment for services rendered is a special and peculiar right to reimburse himself for trouble, by retaining from the income, as it passes through his hands, the commissions which the law allows. If he does not do so, he waives his right, and cannot seek to obtain it from some other fund. Even though the trustee may have managed the estate in such a way as to greatly enhance its value to the remainder-man, he cannot, if he chooses to pay all of the income to the life-tenant, subsequently charge the commissions upon the principal : Biddle's Appeal, 2 Norris 340. If such a charge cannot be made against the remainder-man, who has been benefited, much less should it be made against the heirs or legatees of the life-tenant, who has had no benefit whatever. Where a trustee has for years rendered semi-annual statements to his *cestui que trust,* of which duplicates were signed by both, and a copy retained by each of them, the latter has a right to consider these statements as settlements in favor of all claims, for in them were charged the expenses attending their collection, and other charges in relation thereto. There was no evidence that the *cestui que trust* was ever informed that commissions would be charged, and the length of time that elapsed rebuts any presumption that they would be : Barton's Estate, 1 Pars. Eq. C. 24.

*Hampton L. Carson,* for appellee.—A trustee has no special right to reimburse himself for his trouble by retaining commissions from the income as it passes through his hands. The amount of

compensation due to a trustee depends upon the circumstances of each case. The rate has never been definitely established. It is a matter resting in the sound discretion of the court, dependent upon the amount of labor and skill expended by the trustee, and the risk and inconvenience attendant upon the discharge of his duties: Askew *v.* Odenheimer, Baldwin's Rep. 380; Burr *v.* McEwen, *et al.*, Id. 154; Pusey *v.* Clemson, 9 S. & R. 209; Walker's Estate, Id. 225; McElhenny's Estate, 10 Wright 347; Perry on Trusts, vol. 11, §§ 916, 918; Bispham's Eq., § 144, p. 148; Spangler's Estate, 9 Harris 337; Copely's Appeal, 1 Norris 143.

A trustee does not forfeit his right to commissions by permitting them to remain uncollected until the account is brought into court for an audit. No such decision can be found. The utmost extent to which the cases go is this: That compensation is to be regarded as earned at the time the services were rendered for the purpose of surcharging the trustee with interest upon balances remaining in his hands uninvested: Say *v.* Barnes, 4 S. & R. 112; Callaghan *v.* Hall, 1 Id. 241; Sterrett's Appeal, 2 P. & W. 419; Walker's Estate, 9 S. & R. 223; Harland's Accounts, 5 Rawle 323; McElhenny's Appeal, 10 Wright 347; Adams's Appeal, 11 Wright 94; Parker's Estate, 14 P. F. Smith 307. Biddle's Appeal, 2 Norris 340, has no application to the facts of this case. The *corpus* of the life-tenant's estate is not looked to for payment. The claim is made to payment out of an instalment of income still in the hands of the trustee. The semi-annual statements were not formal accounts, nor were they formally accepted by the life-tenant. The signature of the trustee merely verified or identified the accounts. There is no proof that the trustee ever told the *cestui que trust* that he did not intend to charge commissions. The real intention of the parties is unknown. Certainty is essential to all estoppels. Certainty existed in Barton's Estate. It was found as a fact that the trustee never intended to claim any commissions.

The judgment of the Supreme Court was entered, February 4th 1878,

PER CURIAM.—The statements rendered in this case of the semi-annual receipts and disbursements of the income had not the effect of accounts stated between merchants or other dealers. The legal duty of accounting, in the proper court, is inconsistent with such an effect. In the absence of an agreement to waive commissions, the mere holding over of them for a proper account would be no waiver. The owner of the income had the advantage of the use of her whole income, and unless she had been so misled by the other acts of the accountant as to give these semi-annual statements the effect of an estoppel, the mere delay in claiming the commissions was not in itself an act of estoppel. We do not discover any error

[Wister's Appeal.]

in allowing the commissions in the final account settled according to law.

Decree affirmed, with costs to be paid by the appellant, and the appeal is dismissed.