## Mulligan's Estate. Cattell's Appeal.

*Will—Personal property—Residuary estate.*

Personal property not specifically bequeathed is primarially liable for debts, and the residuary legatees can take only what remains after debts and general legacies are paid.

*Will—Construction—Residuary clause.*

Testator after certain charitable gifts, bequeathed to his wife one third of the balance of his personal estate absolutely, and the net income of one third of his real estate during her natural life. To his son he bequeathed his entire business then " conducted and carried on " by him in the city of Philadelphia and in the state of New Jersey and all his rights, title and interests in any firm or business with which he was connected in said city or elsewhere " under and subject however, to the above devise " to his wife. He then devised and bequeathed the residue of his estate to his son, and his daughter, their heirs and assigns, " in equal parts, share and share alike." *Held*, that testator's daughter was not entitled to share in the

business bequeathed to her brother, or the proceeds arising from the sale by him of testator's interest therein.

*Executors and administrators—Commissions—Assignment.*

Where an executor renounces his right to commissions, his assignee for the benefit of creditors cannot claim them.

It seems that a right to commissions as executor is not assignable for the benefit of creditors, as against public policy.

Argued March 31, 1893. Appeal, No. 266, Jan. T., 1893, by Henry S. Cattell, assignee for benefit of creditors of James Mulligan, Jr., from decree of O. C. Phila. Co., July T., 1890, No. 182, sustaining exceptions to adjudication of account of James Mulligan, Jr., executor of James Mulligan, Sr., deceased. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Adjudication of executor's account.

The facts appear by the opinion of the Supreme Court.

The auditing judge, FERGUSON, J., corrected the account by adding commissions which the accountant had refused to charge, and awarded two thirds of the balance to appellant, assignee of accountant for benefit of the creditors. On exceptions, the court, in an opinion by HANNA, P. J., 1 Dist. R. 511, struck out the commissions and awarded one third of the balance to Rose Cooney, late Mulligan, and one third to accountant.

*Errors assigned* were (1) awarding any part of the assets of the business enterprises which were bequeathed to James Mulligan, Jr., by his father's will, to Rose E. Cooney, his sister; (2) in not confirming the award by the auditing judge to the assignee of commissions to which the assignor was entitled as executor of his father's estate.

*Peter Boyd*, for appellant, cited, on question of commissions: Perry on Trusts, 4th ed., § 818; Stewart's Ap., 110 Pa. 410; Day v. Ins. Co., 111 Pa. 507; Act of April 15, 1845, P. L. 460; Purd. 746, § 30.

*Joseph P. McCullen, Patrick Duffy* with him, for appellee, cited, on question of commissions: Holman's Ap., 24 Pa. 174; Witman's Ap., 28 Pa. 376; Robinett's Ap., 36 Pa. 191; Stearly's Ap., 38 Pa. 525; Smith's Ap., 47 Pa. 424.

OPINION BY MR. JUSTICE MCCOLLUM, October 2, 1893:

The testator, after directing that his funeral expenses should be promptly paid and that one thousand dollars should be expended for masses for the repose of his soul, bequeathed "unto the St. Johns Orphan Asylum, St. Vincents Home, and the Catholic Home, 18th and Race Sts., each the sum of $500." To his wife Elizabeth he bequeathed one third of the balance of his personal estate absolutely and the net income of one third of his real estate during her natural life. To his son, James, he bequeathed his entire business as then "conducted and carried on" by him in the city of Philadelphia, and in the state of New Jersey, and all his rights, title and interests in any firm or business with which he was connected in said city or elsewhere, "under and subject, however, to the above devise" to his wife. He then devised and bequeathed the residue of his estate to his son James and his daughter Rose, their heirs and assigns, "in equal parts share and share alike," and appointed his son James sole executor of his will.

We agree with the learned auditing judge that under this will the testator's daughter Rose is not entitled to share in the business bequeathed to her brother James, or the proceeds arising from a sale by him of the testator's interests therein. We think also that the personal property not specifically bequeathed is primarily liable for the debts, and that under the residuary clause of the will James and Rose can only take what remains after such debts and the general legacies are paid, and their mother has received the share of the personal estate bequeathed to her. Williams on Executors, vol. 2, 1360; Nichols v. Postlethwaite, 2 Dall. 131; Tucker v. Hassenclever et al., 3 Yeates, 294; McGlaughlin v. McGlaughlin, 24 Pa. 20. It is agreed by all the parties interested that the amount of the personal estate exclusive of the business interests specifically bequeathed to James is but $8,607.58, and it appears that the sum of the debts and legacies chargeable against it is 9,094.58. It is manifest therefore that there is no balance for division, under the residuary clause, and that five sixths of the fund for distribution represents proceeds of business interests bequeathed to James.

We agree with the learned orphans' court that the appellant as assignee for the benefit of creditors is not entitled to commissions on the estate administered by his assignor. It was

decided in Adams's Appeal, 47 Pa. 94, that the commissions of an executor were not attachable in his own hands or in the hands of his co-executor, and the decision was placed distinctly upon the grounds that the policy of the law and the interests of the estate demanded that such commissions should be exempt from attachment. In delivering the opinion of the court, AGNEW, J., said: "It would be incalculably mischievous if the interests of estates and of legatees and distributees were to be retarded and imperiled by the attacks of creditors upon the accounts of the executors or administrators in order to reach the commissions. It would make the main interests of the estate subservient to collateral claims, and its effect would be to diminish the interests of the executors or administrators in making speedy and effectual efforts to settle the estate by taking away their compensation."

This commission is unlike a legacy or distributive share which, by virtue of the act of July 27, 1842, P. L. 436, may be attached before any settlement of the estate. It is not in any sense an interest in the estate, and there is no fixed standard by which it can be measured. Whether it shall be allowed or refused is a question which usually arises on the claim of the executor or administrator on final settlement, and is affected by various circumstances and considerations not applicable to the claim of the heir or legatee.

It is true, as contended by the appellant, that some things are assignable which are not attachable, as for instance a policy of life insurance, which, although payable to the legal representatives of the assured, may be assigned but cannot be attached during his life: Day v. New England Fire Ins. Co., 111 Pa. 507. If however an assignment by a debtor of " all his goods, chattels and property " for the benefit of his creditors includes a claim for commissions on the unsettled estate of a decedent, and enables the creditors through their trustee to intervene in the settlement of his accounts as executor, it would seem to be open to the objections which were deemed fatal to the proceedings in Adams's Appeal, supra. It is the intervention of the creditors of the executor, for the purpose of appropriating compensation for his services, that is objectionable, and, speaking for myself, against the policy of the law. It matters not to the estate or the parties in interest therein whether such interven-

tion is founded upon an assignment for the benefit of creditors or upon an attachment. In either case it "makes the main interests of the estate subservient to collateral claims," and constitutes an obstruction to the due and orderly execution of the trust. But we do not rest our refusal to award to the appellant commissions on the estate of the decedent on the bare ground that a claim for them is not assignable for the benefit of creditors. In this case there is nothing on the record which shows that the executor claimed or intended to claim commissions, or that they were earned before the assignment. He did not expressly include them in his assignment and he was not bound to claim them for himself or his creditors. The bulk of the estate administered was connected with and applicable to the debts of the business bequeathed to him. After deducting the general legacies from the fund for distribution, he is, under the will, entitled to two thirds of the balance, and his mother is entitled to one third of it. In the absence of evidence that he claimed commissions by including them in his assignment, or otherwise, and in presence of his refusal to claim them, it is reasonable to conclude that he did not at any time intend to appropriate one third of her share as compensation for his services in the settlement of the estate. His action in this respect cannot, under the circumstances, be regarded as fraudulent or unjust. We hold, therefore, that the appellant did not, by the conveyance to him of the goods, chattels and property of the executor, acquire a right to commissions on the estate of the decedent.

In conformity with the foregoing views, the first specification of error is sustained and the second specification is overruled.

The order awarding to Rose E. Cooney $3,246.55 is reversed; $6,493.55, being two thirds of the balance for distribution after deducting legacies, is awarded to Henry S. Cattell, assignee of James Mulligan, Jr., and the decree of the orphans' court, so modified, is affirmed at the costs of the appellee.