## Hardy, Appellant, *v.* Lehigh Valley Railroad Company.

*Appeals—Assignments of error—Failure to set out judgment.*

1. Assignments of error merely averring that the trial judge erred in refusing to take off a nonsuit are insufficient; assignments of error are incomplete which fail to set out the order, decree or judgment from which the appeal is taken.

*Negligence—Master and servant — Contributory negligence — Nonsuit.*

2. A nonsuit was properly entered in an action to recover damages for the death of plaintiff's husband, a car repairer, employed by defendant company, where it appeared that for purposes of his own, unconnected with his employment, he had gone upon the tracks between certain freight cars in defendant's yard; that while there had received injuries causing his death, in consequence of the cars having been moved by a switch engine in the usual course of business, and that the servants of defendant company, who were in charge of the engine, had no knowledge of the decedent's presence at that place.

Argued March 25, 1913. Appeal, No. 2, Jan. T., 1913, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1907, No. 3741, refusing to take off nonsuit in case of Lizzie G. Hardy v. Lehigh Valley Railroad Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband.

FERGUSON, J., in entering a nonsuit, charged the jury as follows:

Gentlemen of the jury: This matter will not be submitted to you. I will relieve you of any further consideration of the case. In my judgment, if you believed all the evidence the plaintiff has produced, there is no evidence which I could submit to you that would establish negligence on the part of the defendant.

We have had some evidence as to the rules and as to the practice and custom, and as to the instructions which the foreman and inspectors had with regard to looking after the safety of men who were working in the yards when trains were about to be moved. The evidence is that a man was sent down along the track on which the men were working to notify them that there was to be a movement of cars on that track, and after he did that, he removed the blue flag which had kept the engine from coming in. In this case there were no men working on the track on which the plaintiff was killed. There had been men working on that track in the previous week, but no one was working on it on the day of the accident. It might be said, possibly, that there was no occasion for anybody to go down along that track and notify the men that the cars on that track were about to be shifted, if there were no men working there. If the repairs had been completed or if the cars on that track were not to be repaired or had been repaired, it might be, under the instructions that we heard, that there was no occasion for a man to go down and give notice, because there could be no men working, and they were the only people who could expect to receive notice.

Aside from that, you have heard enough of the conditions which prevailed to know that these were immense yards, with long tracks, and they had a good many cars upon them. There were five repair tracks. To the west of the first repair track there was a freight track, and then came the main line tracks. There is evidence that there was no business which the deceased could have had west of No. 1 track. He was working

on No. 2 track; he was not working on No. 1 track. There were no materials or tools west of No. 2 track that he required for his work. There was no toilet room west of No. 2 track to which he could go in case he had occasion to go there. Therefore, he had nothing in the way of duty or emergency which would require him to go west of the track on which he was working. The defendant company, according to the evidence which we have, was to notify the men that were working on that track, but there is no evidence that any one was working on that track. Therefore, it seems to me quite clear that there is no evidence to submit to you upon the question of the defendant's negligence; in other words, I have to determine that question; I have to consider the evidence carefully, and find out whether there is enough in the case which, if you believed it, would warrant a finding of negligence on the part of the defendant. I cannot find any such evidence. Therefore, there is no question that I can submit to you on that point.

The defendant has asked me, therefore, to enter a nonsuit on the ground that there has been no negligence on the part of the defendant shown, but counsel for the defendant call attention to another point, that is, that the deceased, Hardy, who had no occasion to go west of the track upon which he was working, who was working on the track which was encumbered with cars which were separated by spaces from four to six or eight feet, and who, if he had a sudden call of nature which required immediate attention, could have satisfied it possibly between the cars on which he was working, walked across the intervening space of eight or nine feet and in between two cars upon a track on which no one was working, thus going in a direction which was really against the direction of safety. Under those circumstances it seems to me that it was his own thoughtlessness that contributed very largely to the result. It was a very sad thing; very sad to his widow and his child.

His daughter comes into court and asks that damages be awarded because the company failed to provide the deceased with a safe place to work. You know a large repair yard is not a place that can be made absolutely safe, and the only duty that is required of the defendant, the railroad company, is to make a place that is reasonably safe, that is to say, to do all that could be required of reasonable persons in providing safety. It could not be asked to anticipate or be expected to anticipate that a man, who had worked there for years and who was familiar with the conditions and with the practice of the yard, would walk away from a track which he knew was protected by a blue flag, and go in between cars on another track on which he saw no men working, to answer a call of nature. It was his own thoughtlessness that contributed to his death, and I am therefore obliged to say that there can be no recovery.

The court subsequently on motion refused to take off the nonsuit. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Ulysses S. Koons,* for appellant.

*John G. Johnson,* with him *James Wilson Bayard,* for appellee.

Opinion by Mr. Justice Elkin, April 21, 1913:

The assignments of error in this case are clearly insufficient. The first assignment merely avers that the trial judge erred in entering a nonsuit, and the second simply contains the general averment that it was error to refuse to take it off. We have repeatedly said that assignments in this form are insufficient under our rules and decisions. An appeal is from an order, or decree, or judgment, some definite action of the lower court; and the assignments of error are incomplete

which fail to set out the order, decree or judgment from which the appeal was taken: Arnold v. Snow Plow Company, 212 Pa. 303; Yerger v. Hunn, 231 Pa. 245. On an appeal from a decree awarding a preliminary injunction an assignment which merely avers in general language that the court erred in granting the injunction without incorporating the decree itself will be deemed insufficient: North Mountain Water Supply Co. v. Troxell, 223 Pa. 315. Of course the same rule applies to appeals from judgments. Both of the assignments for the reasons above indicated are defective and incomplete.

But aside from the insufficiency of the assignments of error, we have examined with care the whole record for the purpose of determining whether upon the merits the case was properly decided. We have reached the conclusion that the learned trial judge was fully warranted in directing the judgment of nonsuit to be entered. We cannot see that the defendant company did anything it should not have done, or failed to do anything it should have done, under the circumstances of this case. The learned trial judge very carefully and clearly reviewed the testimony and presented the reasons for taking the case from the jury. We concur in the reasons given and affirm the conclusion reached in the court below.

Judgment affirmed.