## Scull's Estate.  Scull's Appeal.

*Wills—Residuary devises—Vested and contingent remainders.*

1. When a testator bequeathed a sum of money in trust for the benefit of a son for life and provided that upon the death of the life tenant the fund should become part of his residuary estate, and further bequeathed the residue to seven other children and provided that in case of the death of any of such children without surviving children or issue the share of such child "shall go to and I do hereby give, devise and bequeath the same unto my surviving children, residuary devisees, their heirs, etc., in equal parts and shares," the shares in the trust fund of children dying without issue vested immediately in the surviving children; the period of vesting was not postponed until the termination of the life estate and upon the death of the life tenant the shares of such children dying without issue should be distributed among testator's living children and the issue of deceased children who were living at the death of the children dying without issue.

*Executors and administrators—Commissions—Waiver.*

2. Where in such case it appeared that no commissions had been claimed on the principal of the estate in accounts previously filed and that during eighteen years no commissions had been claimed on the income of the trust fund, the court made no error in concluding that the right to commissions had been waived and properly refused to allow the surviving executor commissions on the principal of the trust fund.

*Equity—Practice, Supreme Court — Appeals — Assignments of error—Defective assignments—Paper books.*

3. On appeal from a decree of the Orphans' Court assignments of error are defective where they do not show any exceptions filed in the court below, or any action of the court upon such exceptions and where the final decree is not set forth or assigned for error.

4. An appellant's paper book is defective which does not contain the entire adjudication of the auditing judge, or a copy of the executor's account, or the evidence, although it appears that evidence must have been taken on a question involved in the appeal.

Argued Jan. 22, 1915.  Appeals, Nos. 202 and 203, by Willoughby R. Scull and Winfield S. Scull, from decree of O. C. Philadelphia Co., Oct. T., 1889, No. 88, dismiss-

ing exceptions to adjudication in estate of David Scull, deceased. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Modified and affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions in an opinion by ANDERSON, J. Willoughby R. Scull, and Winfield S. Scull, surviving trustee of the fund of which George Scull was life tenant appealed.

*Error assigned,* among others, was in dismissing the exceptions.

*E. Cooper Shapley,* for appellants.

*Henry S. Drinker, Jr.,* with him *James McMullan,* for appellees.

OPINION BY MR. JUSTICE POTTER, April 12, 1915:

We have here two appeals which were argued together. Two questions are intended to be raised by the assignments of error, one as to the correct construction of the residuary clause of the will, and the other as to the right of the trustee to commissions for which he claimed credit in the account. The assignments of error are, however, all defective. They do not show any exceptions filed by appellants in the court below, or any action by the court upon such exceptions. The final decree of the court below is not assigned for error, nor is it set forth in any of the assignments. In each of the four assignments, the court below is charged with error, in deciding certain things, which are stated in the language of appellants, and not in that of the court itself. In Hardy v. Lehigh Valley R. R. Co., 240 Pa. 454, our Brother ELKIN said (p. 457): "We have repeatedly said that assignments in this form are insufficient under our rules and decisions. An appeal is from an order, or decree, or

judgment, some definite action of the lower court; and the assignments are incomplete which fail to set out the order, decree, or judgment from which the decree is taken: Arnold v. Russell Car & Snow Plow Co., 212 Pa. 303; Yerger v. Hunn, 231 Pa. 245." And in Brown v. Hughes, 244 Pa. 397, we said: "The assignment of error in an equity case, must show that exceptions were taken to the matters assigned for error, and must show the action of the court below upon them." This is equally applicable to appeals from the Orphans' Court: Fullerton's Est., 146 Pa. 61; Johnston's Est., 222 Pa. 514. Appellants' paper book is also defective, in that it does not contain the entire adjudication, nor does it contain a copy of the executor's account, nor any of the evidence, though it would appear from the adjudication and opinion of the court below that there was evidence on the question of commissions.

By the will of David Scull, who died in 1889, the sum of ten thousand dollars was given to his executors in trust, to pay the income to his son, George Scull, during the life of the latter, without liability for his debts, &c., and it was provided that the "said. sum of ten thousand dollars shall, upon his decease, revert to and become part of my residuary estate hereinafter disposed of." It was further provided: "And in case of the decease of either or any of my said seven children, residuary devisees, whether during my lifetime or after my decease, without leaving any children or issue of a deceased child to survive them, or if leaving such child, children or issue, all of them should depart this life under the age of twenty-one years without issue, then it is my will and desire that the part and share of my residuary estate intended for such child so dying and his or her children as aforesaid, shall go to and I do hereby give, devise and bequeath the same unto my surviving children, residuary devisees, their heirs, executors, administrators and assigns forever in equal parts and shares." The principal question here raised is the same as that which was con-

sidered in Scull's Estate, Voorhees' Appeal, in which an opinion has just been handed down. It involves the proper construction of the same clause in the will. A difference between the two cases exists, however, in that a mutual release and agreement, which in the former case was shown to have been executed by the seven residuary legatees, did not include their interests in the fund which is here in question. This fund was a part of the residuary estate. As such, each of the seven children of the testator, residuary devisees took a vested interest at the death of the testator, subject to the interest of each legatee being divested in case of death without leaving surviving issue. Two of the residuary devisees, Harriet and Anna, died without leaving issue to survive them, their shares being thus divested. Three other children of the testator died leaving issue, so that their shares in the residuary estate became absolute. One other has fulfilled the conditions of the will, in so far as may be determined at the present time. Another one, Willoughby, is living but has no children.

George Scull, the beneficiary for life of the trust fund, died June 21, 1913, and the surviving trustee filed his account. At the audit of the account, these appellants claimed that as they were at that time, the only surviving children of the testator, they were as such, entitled to the entire amount of the shares of Harriet and Anna, the two children of the testator who died without issue. The auditing judge denied their claim as presented. The accountant was also one of the executors, and the auditing judge found as a fact that he had waived his claim to commissions in the first instance. For that reason the commissions, amounting to five hundred dollars, for which credit had been claimed in the account, were disallowed, and he was surcharged with that amount. With respect to this matter, it was said in the opinion of the court below dismissing exceptions to the adjudication, "The original account filed by the executors shows they had distributed all the avail-

able assets, except those retained for the purpose of this trust, to the legatee and residuary legatees under the will without asking commissions thereon, and the amount of the trust estate was awarded to them without their asking for or being awarded commissions thereon; the effect of which was that the residuary estate, which would have been depleted by the charge of commissions at that time and in the division of which these executors and trustees participated, were also distributed in full. In addition to this, no accounts were filed and no commissions claimed by the trustees on the income from the time of the award of the trust estate to them until 1908, during the lifetime of the co-trustee, a period of eighteen years, and since that time the income was paid over to the cestui que trust without any deduction of commissions thereon." Upon the facts as thus stated, the court was fully justified in refusing the claim for commissions. The question comes within the principle of the decision in Taylor's Estate, 239 Pa. 153. As to the primary shares in the residuary estate, there is no dispute. It is only as to the distribution of the shares of those who died without leaving children to survive them, that a question is raised. The court below was clearly right in refusing to distribute the shares of Harriet and Anna to the two children of the testator who survived at the time of the death of George Scull, the beneficiary for life of the trust fund. That date was not significant except as fixing the time for payment. The interests of the residuary devisees vested, as to the original shares, at the death of the testator, but as to the shares of Harriet and Anna, which under the terms of the will went to the surviving children, they became vested absolutely in the survivors at the dates respectively of the deaths of Harriet and Anna. The adjudication in the court below seems to have been made upon the theory that all the children of the testator who left issue were entitled to share in the portions of those who left no issue. This was in disregard of the limitation in

the will, that these shares were to go to the "surviving children." We see no difficulty in complying with the plain direction of the testator. Each of the seven children, residuary devisees, took a one-seventh interest in the fund, or making use of the more convenient fraction used by the court below, each of them took 30-210ths, subject to the share being divested in case of the death of the devisee without issue. In the case of Harriet this contingency occurred in 1908. At that time three of the children were dead, and three were surviving. These three survivors, Anna, Willoughby and Winfield, were therefore entitled to take absolutely Harriet's share. This would give to each of them 10-210ths. Then on April 3, 1913, Anna died, at which time there were but two surviving children, Willoughby and Winfield, to take her share. This would give to each of them 15-210ths. The fund as a whole would therefore properly be distributable as follows:

To the Estate of Anna S. Reed, . . . . . . 10-210ths.
To the Estate of David Scull, . . . . . . . 30-210ths.
To the Estate of Mary Scull Grove, . . 30-210ths.
To the Estate of Frank P. Scull, . . . . . 30-210ths.
To Winfield S. Scull, . . . . . . . . . . . . . . 55-210ths.
To Willoughby R. Scull, . . . . . . . . . . . 55-210ths.

(For 30-210ths of which he should give security for the protection of the interests in remainder.)

The assignments of error are overruled. The appeals at No. 202 and No. 203, January Term, 1914, are dismissed at the cost of appellant in each case, and the record is remitted to the court below, that the decree of distribution may be modified in accordance with this opinion.