## Fitzgerald's Estate (No. 2).

*Decedents' estates—Executors and administrators—Commissions —Waiver.*

An executor's account of a decedent's estate was filed twenty years after decedent's death. At the audit the surviving executor claimed commissions on income received and disbursed during the period of the executorship. It appeared that the claimant had conducted the newspaper business of decedent during such period as directed by decedent's will, that he had acted as general manager of the newspaper and had procured advertising for which services he had been compensated, but that he had taken no commissions on income. The Orphans' Court decided that the executor had waived his right to commissions on income and dismissed exceptions to the adjudication. *Held,* no error.

Argued Jan. 5, 1916. Appeal, No. 240, Jan. T., 1915, by Harrington Fitzgerald, Executor, from decree of O. C. Philadelphia Co., April T., 1911, No. 443, dismissing exceptions to adjudication, in Estate of Thomas Fitzgerald, Deceased. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.
The opinion of the Supreme Court states the facts.
The court dismissed the exceptions in an opinion by LAMORELLE, J. Harrington Fitzgerald, Executor, appealed.

*Errors assigned* were in dismissing the exceptions.

*Francis B. Bracken* and *F. F. Brightly,* for appellant.

*Gilbert Rodman Fox,* for Girard Trust Company and Luther Dowlin, Executors of the Estate of Riter Fitzgerald, deceased, Maude Hubbard and Girard Trust Company, Trustee for Maude Hubbard, appellees.

*A. S. Weill,* of *Weill & Oliver,* with him *G. W. Pepper,* for Frances L. Fitzgerald individually and as executrix of the will of Hildebrand Fitzgerald, deceased, appellee.

OPINION BY MR. JUSTICE FRAZER, March 13, 1916:

Harrington Fitzgerald, surviving executor of the estate of Thomas Fitzgerald, deceased, appeals from the decree of the Orphans' Court of Philadelphia County dismissing exceptions to the adjudication of the auditing judge refusing to allow commissions on income received from the business of publishing a newspaper known as "The Philadelphia Item." Testator died in 1891, leaving a will wherein he appointed his three sons executors, and requested that they continue the business of publishing the newspaper in question, which formed a large part of his estate. One of the sons died in 1894 and another in 1908. No inventory and appraisement was filed until 1912, when an account was also filed in answer to a citation. The business was continued by the executors, and by the survivor until 1913 when publication of "The Item" was suspended and the plant sold. The court awarded appellant the sum of $4,483.30 as commission on principal, but refused compensation on income.

The total receipts derived from publishing the paper during the period of executorship amounted to approximately four and one half million dollars, and on this amount a claim of $60,000 was made by appellant for commissions. The newspaper business was conducted by the executors as a family matter and profits paid from time to time to the various members of the family and charged to their individual accounts. Appellant was general business manager and editor of the paper and had the entire responsibility of its management subsequent to the death of his coexecutors. In return for his services he received a stipulated salary, depending upon the nature of the duties he was called upon to perform, which varied from $50 to $150 a week, and in ad-

dition to his weekly compensation was allowed commissions amounting to $16,901.58 on advertising procured through his influence. The newspaper publishing business was continued for a period of about twenty-two years and during that time no claim for commissions on income was made by the executors, nor was an account of the estate filed by them until proceedings to compel such action were begun. For this reason the auditing judge found the intention of the parties to be that the salary and commissions on advertising should be considered full compensation for services rendered by appellant in connection with the business of printing and publishing "The Item." An exception to this finding was dismissed, the court saying: "The course of dealing between the executors, whether acting as such or as trustees, and their cestuis que trust, was a justification for disallowing the claim now made by the survivor for $60,000 commissions on income."

That an executor may waive or renounce his right to compensation either by acts or conduct is beyond question: Taylor's Est., 239 Pa. 153. In this case no claim was made for commissions on income during the entire period of twenty-two years, although payments out of the receipts of the publishing business were made from time to time to members of decedent's family entitled to them. In addition to this, the receipts and disbursements in connection with the publishing of the newspaper were necessarily incident to the transaction of the business, for which services appellant received a stipulated salary and commissions.

Under all the circumstances, we are of opinion there was no error in refusing to allow the commissions claimed: Scull's App., 249 Pa. 57.

The other questions raised in this appeal were not pressed at the argument.

The decree is affirmed.