Buttorff's Estate.

Argued January 11, 1938.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas R. Wickersham,* of *Wickersham & Wickersham,* with him *Lynn M. Irvine,* for appellant.

*E. M. Biddle, Jr.,* with him *J. H. Reiff,* for appellee.

OPINION BY MR. JUSTICE LINN, March 21, 1938:

George W. Buttorff died in 1922, leaving his property, by will, to his wife and six children. Part of it was the subject of the fourth paragraph of the will: "It is my desire that the Buttorff and Co. business be continued as it now is by my Executors, and each shareholder [it was not a corporation] to receive their dividends from the earnings of said business annually, that my interest in the real estate of Buttorff and Kline remain as it is." His executors were his sons Henry, and Ira, the appellant. They conducted the business until Henry's death, February 6, 1935. During that period they had not filed an account though they had made partial distribution* from time to time of principal and income.

Pursuant to citation obtained on petition of Henry's executor, Ira filed what he called a first and partial

---

* The total estate was inventoried at $136,612.82, the business of Buttorff & Co. at $51,869.81.

account (subsequently amended) which, being excepted to, was referred to an auditor to pass on the exceptions. The question now presented on this appeal was then raised by the following exception to the account: "4. That Accountant has failed to make allowances to Henry W. Buttorff, or his estate, for his share of the commissions for services rendered as Executor and Trustee in said Estate up to the time of his decease."

The payment of compensation for Henry's services, rendered from the time he qualified as co-executor in 1922 until his death in 1935, was opposed by Ira and other children of George on an allegation that Henry and Ira, as co-executors, had agreed with each other, and with the other distributees, to serve without compensation. The learned auditor, whose report indicates that he gave full consideration to the subject, ruled that the witnesses called to testify to the agreement were incompetent under the Evidence Act; he also held there was neither waiver nor laches and accordingly awarded commissions in an amount not now questioned. The learned court below sustained the auditor.

Ira, who, in addition to being one of the executors, is also a legatee and a devisee, appeals and complains, not only of the award to Henry's executor, but, perhaps somewhat inconsistently, now asserts that he also is entitled to an award similar to that made for Henry's services.

Ira stood in two relations to George's estate, (1) as executor and (2) as legatee. If no compensation is paid for Henry's service as executor, the balance for distribution will be greater, and each legatee's distributive share will be correspondingly larger. When Ira proposed to testify that he and Henry agreed not to claim commissions, his interest in the result was adverse to Henry's whose right to receive the commissions is represented on the record by his executor. In such circumstances the adverse interest disqualifies the surviving party: sec. 5 (e) Evidence Act, 1887, P. L. 158,

28 PS section 322; *Uhl v. Mostoller*, 298 Pa. 124, 148 A. 61; *Weaver v. Welsh*, 325 Pa. 571, 577, 191 A. 3. At the time Ira was held incompetent he had not claimed commissions in his account, but, in fact, as the record shows, had given up the right to receive them; his only interest in the proceeding then was adverse; *Dinger v. Friedman*, 279 Pa. 8, 123 A. 641, cited by appellant, therefore does not aid him. Section 5 (e) also disqualified the other children. If the effect of Ira's proposed testimony be considered as supporting a gift of what he might have claimed, made by Henry to the distributees of George's property, Ira is incompetent because the death of the donor disqualified the donees: *Blaszcak's Estate*, 90 Pa. Superior Ct. 589.

Having been unable to prove the alleged express agreement to serve without pay, appellant's next position was that Henry, by implication, had waived the right to collect it.

The first transaction appearing in the record shows that at one time, at least, both executors asserted a claim for commissions. On October 11, 1922, about two months after George's death, the executors filed with the Register of Wills a "Statement of Debts and Deductions to Fix Inheritance Tax," claiming a deduction of $6033.33 for "Executors' Commission & Expense" which did not include counsel fees. May 14, 1935, after Henry's death, a mortgage, described as "part of the estate of George W. Buttorff" was foreclosed and Ira charged and received commissions. The learned court below, agreeing with the auditor, was of opinion that the evidence would not support an implication that Henry had waived his right to receive compensation and, with this conclusion, we also agree. The fact that commissions were not taken as partial distribution was made during the period they conducted the business, thus keeping in hand ample assets for the payment of commissions on the whole at the time of accounting, no account having been filed meanwhile, is not sufficient,

in the circumstances shown, to support an implied waiver on the part of Henry; compare *Fitzgerald's Estate*, 252 Pa. 575, 97 A. 937; *Scull's Estate*, 249 Pa. 57, 94 A. 476; *Taylor's Estate*, 239 Pa. 153, 86 A. 708; *Mulligan's Estate*, 157 Pa. 98, 102, 27 A. 398.

We also agree that appellant's position is no better on the point of laches. While appellant's argument states that "During all of that time [i. e., from the death of George to the death of Henry] Henry W. Buttorff never personally made any demand or claim for commissions," the statement is perhaps not entirely accurate, seeing that both executors claimed a deduction for commissions in assessment for inheritance tax purposes. On this record the contentions of waiver and of laches are closely related. As to laches, what was said by RICE, P. J., in *Youse v. McCarthy*, 51 Pa. Super. Ct. 306, at pages 311, 312, is pertinent.

The auditor reported that the parties formally withdrew all the exceptions to the account except the one complaining that commissions had not been allowed for Henry's services. After the auditor reported, one of the exceptions filed, not by Ira alone, but by him and several other distributees, complained that the auditor "erred in failing to find as a Conclusion of law that if executors' commissions are to be allowed, that Ira S. Buttorff shall share equally in them with the Estate of Henry W. Buttorff." It may first be said that if the exceptants, other than Ira, wish him paid, there is perhaps nothing to prevent their paying him out of their own pockets. The record shows: (1) that Ira had claimed no commissions in the account stated by him when he might have done so, if he thought he was entitled to them; (2) made no claim before the auditor, and, instead, joined in the stipulation that the only question remaining for him to pass on was whether Henry's estate was entitled; and (3) as the learned court said, "there is ample evidence of a waiver by Ira of his right to commissions, not only in his own testi-

mony but in the testimony of his brothers and sisters as to his admissions to them." This assignment of error must also be overruled.

Decree affirmed, costs of the appeal to be paid out of the fund for distribution.