## Adams, Receiver, v. Sondheim Realty Co.

*Russell H. Yoder*, for exceptants.
*Franklin E. Kantner*, contra.

SHANAMAN, J., June 27, 1940.—To the chancellor's decision filed November 4, 1939, plaintiff filed exceptions. . . .

The remaining exceptions concern the bondholders' liability, after distribution of all assets, to pay the trustee's compensation, counsel fees, and costs of this proceeding. After careful consideration we are all of opinion that the exceptions on this head should be sustained. No case in Pennsylvania exactly in point has been found, but the A. L. I. Restatement of Trusts, while not a binding authority, is a very respectable pointer to what must be considered the correct principle. Section 242 (*j*) of the Restatement states:

"Although the trustee is entitled to compensation, he may voluntarily forego his claim to compensation. . . .

"If the trust terminates and the trustee distributes the trust property without deducting any compensation, manifesting an intention to make no claim to compensa-

tion, he cannot require the beneficiary to pay him compensation." Section 249 (2) of the Restatement states:

"If the trustee is entitled to indemnity out of the trust estate for expenses incurred in the administration of the trust and conveys the trust estate to the beneficiary without deducting the amount to which he is entitled as indemnity, he is entitled to indemnity from the beneficiary personally to the extent of the property so conveyed, unless he manifested an intention to forego his claim to indemnity, or unless the beneficiary has so changed his position that it is inequitable to compel him to indemnify the trustee."

It is apparent that the mere distribution of the total assets, without reserving moneys to cover commissions and expenses, is not a circumstance which in itself precludes the trustee from pursuing the beneficiaries of the trust, because such right is recognized in the Restatement to arise under certain conditions in the very circumstance that the trustee has distributed everything without reserving and securing trustee's commissions and expenses. Inquiry must be made into all the circumstances in order to be able to determine that a waiver or an estoppel exists.

In Wister's Appeal, 86 Pa. 160, the court said (p. 162) :

"In the absence of an agreement to waive commissions, the mere holding over of them for a proper account would be no waiver."

In this case there had been no account filed but the one in question. Six years had elapsed, payments on income had been made, and no commissions had been charged. In Frishmuth's Estate, 2 Dist. R. 814, it was held that a waiver existed where the executrix joined with the other executors within 30 days after the death of decedent, in a family settlement whereby the whole estate, there being no unpaid debts, was conveyed at once to trustees, without provision for executors' commissions. Hanna, P. J., pointed out that the claiming of commissions would have

549

jeopardized the main purpose of the settlement which was to create a certain annuity for the widow-executrix. In Taylor's Estate, 239 Pa. 153, the distribution of the whole estate was stated to be strong evidence of waiver, where as additional facts there existed express agreements to waive commissions. In Scull's Estate, 249 Pa. 57, the executor's original account showed distribution of all available assets, without commissions to themselves as trustees. Then for 18 years the said executor-trustees paid over income without claiming commissions. It was held after the death of the life tenant that the trustees had waived their commissions on the corpus of the estate. In Fitzgerald's Estate (No. 2), 252 Pa. 575, the executors had managed a newspaper enterprise for 20 years and had taken salary for their services. At the end of that time there was an accounting. No commissions had been claimed during that period on various payments of income to beneficiaries. The court held that the course of dealing, under all the circumstances, showed a waiver. In Buttorff's Estate, 329 Pa. 561, the decedent died in 1922. The executors ran the business from 1922 to 1935. There had been partial distributions of principal and income. No commissions had been taken nor any account filed until 1935. There was evidence that in 1922 a tax statement was filed claiming deduction for tax purposes of executor's commission in a stated amount. Also in 1935, a mortgage had been foreclosed on which commissions were taxed. Despite the lapse of time without taking commissions, it was held that a waiver was not shown. In Card's Estate (No. 2), 337 Pa. 82, the trustee during 34 years of administration made regular quarterly distributions of income, retaining a two percent commission. Upon its first and final account as trustee, after 34 years, it endeavored to collect an additional one percent on the income theretofore distributed. The court held that a purported agreement by the original testator, with the trustee, calling for two percent in certain cases and for three

percent in certain cases, was void for uncertainty, and that the course of conduct by the trustee during the 34 years clearly showed a construction placed by the parties upon the said agreement, in accordance with which the trustee was to receive and did receive only two percent. The court concluded that the trustee surrendered the right, if any existed, to additional commissions on income already distributed.

A study of the above cases shows that, where a waiver was held to exist, there was either an express agreement to waive, or a prior account filed, showing distribution of all available assets without commissions, followed by many years of administration without claiming commissions, or an administration throughout many years with no claim for commissions and the actual receipt of salary, or an implied agreement to waive by reason of a family settlement containing no provision for commissions and joined in by all concerned, or a long course of conduct showing by repeated and regular retentions of a certain commission a construction by the trustee adverse to a supposed uncertain right to a larger commission. No case indicates on its facts that a waiver or estoppel should be sustained where, as here: (1) The distribution was about five years before the filing of the account; (2) commissions and expenses were actually claimed and received by the trustee up to and including and covering the foreclosures; (3) the account filed November 16, 1938, is stated to be first and final, and showing no balance asks for fees and expenses; and (4) no change of beneficiary position is set up or shown. It follows also that the sixth exception, involving the imposition of costs of the present proceedings, must also be sustained. . . .

And now, to wit, June 27, 1940, the 1st, 3rd, 4th, 5th, 6th, and 8th exceptions are sustained, and the cause is remitted to the chancellor in accordance with this opinion.